# THE STATE v. LOUIS KOZLICKIE, Appellant.

**Division Two, March 21, 1912.**

1. **EVIDENCE: Carnal Knowledge: Offer of Proof.** In this prosecution for carnal knowledge the accused complains upon appeal that the trial court erred in refusing to permit him to prove acts of unchastity of the prosecutrix prior to the commission of the alleged offense, and in confining him to proof of the prosecutrix's general reputation. *Held*, that the colloquy between court, counsel and witness, as set out in the opinion, does not show such error by the court, and besides, even if the court had ruled as complained of, the Supreme Court could not reverse the case, for the accused did not state what facts he wished to show by his witnesses. The mere statement that he proposed "to prove her unchastity by circumstantial evidence" was no such statement of facts.

2. **INSTRUCTIONS: Carnal Knowledge: Facts in Issue.** Where, in a prosecution for carnal knowledge, there was no evidence from which the jury had any right to draw the inference that the prosecutrix had been guilty of acts of lewdness or unchastity, what evidence there was tending to show only that she was sometimes out till midnight with young men at picture shows, and that she talked with men in the bakery, where she worked, an instruction was properly refused which stated that "to establish the unchastity of the prosecuting witness . . . it is not necessary to do so by proof of direct acts of unchastity, but it may be done by any and all acts and statements made by her from which a reasonable inference of her unchastity can be drawn." This instruction would have authorized the jury to find unchastity from evidence which did not show either bad reputation or acts of lewdness or unchastity.

Appeal from St. Louis City Circuit Court.—*Hon. G. C. Hitchcock*, Judge.

AFFIRMED.

*Chas. P. Johnson* and *Silver & Dumm* for appellant.

(1) The court erred in refusing to permit defendant to prove acts of unchasity of the prosecutrix prior

to the commission of the alleged offense; and erred in confining defendant to proof of her general reputation. State v. Patterson, 88 Mo. 88; State v. Wheeler, 94 Mo. 252; State v. Blize, 111 Mo. 471; State v. Sharp, 132 Mo. 172. Defendant was not confined to the general reputation of the prosecutrix for unchasity. Whether she was of previous chaste character was a vital question in the case. It was necessary for the State to allege it and prove it, and for the jury to find it. Any evidence, therefore, which tended to show that she was unchaste was admissible. Nor, under the general rule and the authorities above cited, was defendant limited to direct proof of unchasity. He could show it by circumstances and by specific acts of lewdness and misconduct. He offered to show it by proving by the witness Burkhart, that she associated with men late at night, and in a manner foreign to a chaste and innocent girl. He was denied the privilege of making this proof, and thereby the court committed error. (2) The instruction requested by defendant should have been given. The court refused to rive it on the ground that it was not warranted by the evidence. If the court erred, as it is insisted it did, in refusing to permit defendant to prove prosecutrix's bad reputation circumstantially and by proof of acts of lewdness and misconduct, then assuredly it erred in refusing to give this instruction. The court could not reject an offer of competent evidence and then refuse an instruction based on such evidence, on the ground that there was no evidence to warrant it. But outside of the testimony offered and rejected, there was evidence to warrant the giving of the instruction requested by defendant. The father of defendant had testified that the girl went out with young men and stayed out as late as one o'clock in the morning; that she associated with men and boys around the bakery. And Mrs. Belgard testified that she had seen the girl out as late as a quarter to twelve, and when questioned about being

State v. Kozlickie.

out at that late hour, the prosecutrix said: "I don't want my mother to know it, and I don't want the boss to know it either." The jury were not told, in the instructions given by the court, what constituted previous chaste character, and how it might be proved or disproved. The instruction requested by defendant submitted this issue to the jury, and it should have been given.

*Elliott W. Major,* Attorney-General and *John M. Dawson,* Assistant Attorney-General, for the State.

Appellant requested instruction 4 in which he sought to have the court declare that to establish the unchastity of the prosecuting witness it is not necessary to do so by proof of direct acts of unchastity, but it may be done by any and all acts and statements made by the prosecuting witness from which a reasonable inference of her chastity may be drawn. This instruction was covered under the reasonable doubt instruction, and we think was properly refused.

ROY, C.—The defendant was charged with having carnal knowledge of Mamie Wesolowski, an unmarried female over fourteen and under eighteen years of age, on April 19, 1910. He was convicted and sentenced to three months in jail and a fine of $300, and has appealed.

The evidence showed that defendant was twenty-four years old and single, also very deaf. He was employed by his father in a bakery in St. Louis. The Kozlickie family lived upstairs over the bakery. Prosecutrix was employed in the bakery from the latter part of December, 1909, until July 3, 1910.. She arose about five o'clock every morning so as to be ready for her work as saleslady in the bakery, and lived with the Kozlickies, sleeping in the dining room. The defendant occupied the front room upstairs.

The prosecutrix testified to the commission of the offense about the first of April, 1910, the act being repeated at various times until July 3, when she left. She testified that she was fourteen in February, 1910, and that she had been pregnant for seven months at the date of the trial, which was December 16, 1910.

There was testimony by a married sister of defendant that prosecutrix would sometimes be out as late as midnight with men at shows, and when spoken to about it by witness, said "I would not want my mother to know it, and I don't want the boss to know it either."

The sister of defendant also testified that she had seen her at other times with boys standing in front of the bakery as late as ten and half past in the evening; and that most every evening prosecutrix and other little girls would stand around the bakery "making noises and carrying on like children of her age would." That was in pleasant weather.

Defendant's father testified that the prosecutrix went out every other night with John Mitulski, coming back at almost twelve o'clock. It continued from April 15 to May 17.

John Mitulski testified that he first met prosecutrix in May and did not go to the bakery often; that he went with her once to a nickelodeon, and went home with her once from a dance.

During the examination of Louis Burkhart, a witness for defendant, the following occurred:

"Now, do you know about the habits of this girl, in going with men, around there?

"Mr. Farrar. I object to him leading the witness. Let the witness state, himself, what he knows about her habits.

"The Court. Objection sustained.

"Q. By Governor Johnson. Do you know of anything—. A. I seen the girl was awful careless with her habits.

"Mr. Farrar. I ask that be stricken out.

"The Court. That will be stricken out. The question is the general reputation of the prosecuting witness for unchasity, and the question ought to be along those lines, Governor Johnson.

"Governor Johnson. I want to get that into the record. I propose to show by this witness and others that this girl was in the habit of going with men late at night, as she has denied; that she associated with men in there; that she associated in a manner which no chaste and innocent girl would do. Now, I propose to show that, not by her general reputation, but by specific testimony of witnesses whom I have here.

"The Court. Well, if you will bring your questions in so that that will be indicated.

"Governor Johnson. If I ask the direct question the objection is that it is a direct question.

"The Court. Go ahead and ask the question.

"Governor Johnson. I have no way excepting by general reputation; and we cannot prove those things by general reputation. We can only prove them by circumstantial evidence.

"Mr. Griffin. Just a minute; Governor Johnson objected to our witnesses testifying to specific acts, my recollection is, when they got on to testify to general reputation; and it seems to me that he is limited to the same rule; and he cannot prove the character of the prosecuting witness by any other facts than by general reputation unless he can show a specific act of intercourse prior to this time with somebody else. If he can, I have no objection to him showing it.

"Governor Johnson: If your Honor sustains that objection, I know where I stand.

"The Court. Objection sustained."

"To which ruling of the court, defendant, by counsel, then and there duly excepted, and still continues to except.

241 Sup.—20.

"Governor Johnson. I have stated that I wanted to prove her unchastity by circumstantial evidence. That is all."

The defendant did not testify. He is a Pole and does not speak English. Three witnesses testified to the good reputation of prosecutrix for chastity.

There is no complaint of the instructions given by the court. The defendant asked an instruction which was refused as follows:

"The jury are instructed that to establish the unchastity of the prosecuting witness in this case, it is not necessary to do so by proof of direct acts of unchastity, but it may be done by any and all acts and statements made by the prosecuting witness, from which a reasonable inference of her unchastity can be drawn."

To the refusal of the court to give said instruction, the defendant duly objected and excepted at the time.

I. Appellant contends that the trial court erred in refusing to permit defendant to prove acts of unchastity of the prosecutrix prior to the commission of the alleged offense, and in confining defendant to proof of her general reputation.

We do not so construe the record. When the witness testified that prosecutrix "was awful careless with her habits," the court very properly struck it out. The opinion of the witness was worthless as evidence. He could have stated what her habits were, and the jury could have determined whether they were "awful careless." The court did say that the question was her general reputation for unchastity. But when counsel for defendant offered to show her conduct with men and that she associated with men in a manner which no chaste girl would do, the court said, "Well, if you will bring your question in so that that will be indicated." We cannot conclude from what occurred that the court at any time ruled that the defend-

ant could not show previous acts of lewdness or un-chastity by the prosecutrix, and did not rule that the defendant could not prove such by circumtantial evidence; and, even if it was so ruled, the defendant has nowhere stated what evidence he had of such acts.

Was the circumstantial evidence that he had in mind simply evidence that she played and made a noise in front of the bakery as children will do; or that she went to shows with young men. The court had previously overruled many objections to such evidence offered on the part of the defendant. We have no reason to believe that the court would have excluded anything which tended to show previous acts of lewdness or un-chastity on her part.

We cannot reverse this case without knowing what the evidence was that the defendant desired to introduce. The mere statement that he proposed "to prove her unchastity by circumstantial evidence" was no showing as to what the evidence was which he had in mind. He should have informed the court what facts he proposed to show by the witness. [State v. Arnold, 206 Mo. 597; State v. Shapiro, 216 Mo. 371.]

II. The instruction asked by defendant was properly refused. The evidence tends to show that the prosecutrix was sometimes out as late as twelve o'clock at night with young men at picture shows; and that she talked with men in the bakery. But that is not evidence from which a jury has any right to draw the inference that she had been guilty of acts of lewdness or unchastity.

Had there been evidence, circumstantial or otherwise, of acts of lewdness or unchastity with other men, then the evidence that she was sometimes out late at night with young men, and talked with men in the bakery would have been for consideration by the jury in connection with the evidence as to such acts. But where there was no evidence of such acts, there was

no basis for the instruction. The decisions of this court allow the chastity of the prosecutrix to be attacked in two ways, by evidence as to her reputation for unchastity, and by evidence of acts of lewdness or unchastity. The defendant's refused instruction authorized the jury to find unchastity from evidence which did not show bad reputation or acts of lewdness or unchastity.

The instruction says "it is not necessary to do so by proof of direct acts of unchastity." There is a broad difference between *direct evidence of an act* and a "direct act." In the latter expression the word "direct" has very little if any significance, while in the former it has a well known legal meaning. The word "direct" can be left out of that instruction without changing the sense. It would then read "it is not necessary to do so by proof of acts of unchastity." That is not the law, because where there is no proof of bad reputation in that respect, there must be evidence of an unchaste or lewd act.

It was doubtless the intention that the jury should be told by that instruction that it was not necessary to prove acts of unchastity by *direct evidence,* but that such acts could be shown by circumstantial evidence.

If such was the intention, the wording of the instruction was unfortunate, and had it been properly drawn, it lacked evidence to support it. The judgment is affirmed. *Blair, C.,* concurs in the result.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.